53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John H. SUTHERLAND, Petitioner-Appellant-Cross-Appellee,
v.
John THOMAS, Warden, Respondent-Appellee-Cross-Appellant.
 Nos. 94-2091, 94-2106.
 United States Court of Appeals, Tenth Circuit.
 May 1, 1995.
 
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 ORDER AND JUDGMENT[1]
 KELLY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from the district court's order adopting the findings and recommendations of the magistrate judge and dismissing his petition for a writ of habeas corpus on the merits. (No. 94-2091.) Respondent cross appeals from the district court's determination that the action should be decided on the merits, rather than for other reasons. (No. 94-2106.)
 
 
 3
 Petitioner claims now, as he did in the district court, that (1) the state trial court violated his right to due process when it erroneously instructed the jury that the intent necessary for attempted second degree murder was essentially identical to the intent required for attempted first degree murder; (2) his consecutive sentences for attempted murder and armed robbery violated the Double Jeopardy Clause because both offenses require proof of the same facts; and (3) he was denied his Sixth Amendment right to effective assistance of counsel at sentencing when trial counsel failed to argue that the consecutive sentences for the same offense violated the Double Jeopardy Clause. Respondent continues to contend that (1) the first issue may not be reviewed in federal habeas corpus cases, and it is procedurally barred because petitioner did not object to the erroneous instruction at trial or submit a correct instruction; (2) the second issue is a state law issue that should not be considered; and (3) the third issue is moot.
 
 
 4
 We review the legal conclusions of the district court de novo. Ballinger v. Kerby, 3 F.3d 1371, 1374 (10th Cir.1993). After reviewing the record, briefs on appeal, and relevant case law, we conclude the district court correctly reached and denied habeas corpus relief on the merits of the petition and found no procedural default. Accordingly, we affirm for substantially the reasons stated by the district court.
 
 
 5
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470